**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY BROOKS,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>S. LEE, Correctional Lieutenant; S. BEASLEY; J. LEE; E. ARNOLD, Warden,<br><br>　　　　Defendants - Appellees. | No. 24-4653<br><br>D.C. No. 2:18-cv-00374-WBS-JDP<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted March 16, 2026**

Before:　SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner Rodney Brooks appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging First and

Fourteenth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291.

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion denials of a motion to reopen discovery and a motion to stay summary judgment for further discovery. *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 612 (9th Cir. 2017) (denial of Fed. R. Civ. P. 56(d) request); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (denial of a modification of a pretrial scheduling order). We affirm.

The district court did not abuse its discretion in denying Brooks's motions to reopen discovery and stay summary judgment proceedings to conduct discovery because Brooks was not diligent in pursuing discovery and failed to show that additional discovery would have precluded summary judgment. *See Midbrook Flowerbulbs Holland B.V.*, 874 F.3d at 619-20 (explaining that to prevail on a Rule 56(d) request, a party must show that the specific facts it seeks in further discovery exist and are "essential to oppose summary judgment" (citation and internal quotation marks omitted)); *Zivkovic*, 302 F.3d at 1087 (setting forth requirements to modify a pretrial scheduling order).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**